UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-61515-CIV-COOKE/BROWN

MANA INTERNET SOLUTIONS, INC.,

    Plaintiff,

v.

INTERNET BILLING COMPANY, LLC,
*et al*.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT INTERACTIVE BRAND DEVELOPMENT, INC.'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Interactive Brand Development, Inc.'s Motion to Dismiss (DE 7), filed October 19, 2006. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be denied.

**I.   BACKGROUND**

Plaintiff Mana Internet Solutions, Inc. ("Plaintiff" or "Mana") filed this action on October 12, 2006. In its Complaint, Mana alleges that it owns and operates a number of subscription based websites which handle transactions through credit card purchases processed by third party entities. According to Mana, on or about May 15, 2002 it signed a copy of Defendant Internet Billing Company, LLC's form processing agreement (the "Mana Agreement" or "Agreement"). Mana alleges that under the terms of the Agreement Defendant Internet Billing Company, LLC ("IBC") agreed to handle the credit card processing for Mana. Mana further alleges that pursuant to the Mana Agreement IBC agreed to remit monies allegedly due to Mana on a monthly basis

minus a fixed fee. Mana, however, avers that IBC failed to properly remit monies due and therefore owes Mana no less than $82,496.64. Additionally, Mana alleges that on or about January 21, 2005 IBC was acquired by Defendant Interactive Brand Development, Inc. ("IBD") which took control of IBC and has taken responsibility for ensuring that IBC's debts are paid. Therefore, Mana asserts causes of action for breach of contract and an accounting against both IBC and IBD.

## II. PROCEDURAL HISTORY

IBD filed its Motion to Dismiss on October 19, 2006. Mana filed an opposition on November 9, 2006.[1] IBD filed its reply brief on November 20, 2006. Thus, IBD's Motion to Dismiss is ripe for adjudication.

## III. MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). Thus, a court may dismiss a complaint pursuant to Federal Rule of Civil Procedure

---

[1] Pursuant to Southern District of Florida Local Rule 7.1(C)(1) Mana's opposition brief was due on or before November 6, 2006. See S.D. Fla. L.R. 7.1(C)(1). This Court did not grant Mana an enlargement of time to file its opposition brief. Nevertheless, Mana did not file an opposition brief until November 9, 2006. Thus, Mana's opposition was untimely. A party's failure to timely file an opposition in compliance with Local Rule 7.1(C) can serve as a basis for sanctions. See S.D. Fla. L.R. 7.1(C). In this instance, however, the Court will not strike Mana's opposition brief or otherwise sanction Mana for its failure to comply with Local Rule 7.1(C)(1). But Mana is forewarned that in the future the Court will immediately issue appropriate sanctions if it fails to comply with the Court's Local Rules.

12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).  However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (citing Fed.R.Civ.P. 8(a)(2)).

**IV.   ANALYSIS**

In its Motion, IBD argues that it was not a party to the agreement between Mana and IBC.  Therefore, according to IBD, Mana cannot assert a breach of contract claim or a claim for an accounting against it.  The Court, however, disagrees.

The cornerstone of a breach of contract action is the existence of a contract.  See Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So.2d 1338, 1340 (Fla. Dist. Ct. App. 1992) (the elements of an action for breach of contract are: (1) the existence of a contract; (2) a material breach of the contract; and (3) damages resulting from the breach).  It is axiomatic that a party may not be held liable for a breach of contract if they were not a party to the contract or otherwise agreed to accept its terms.  Whetstone Candy Co. v. Kraft Foods, Inc., 351 F.3d 1067, 1073 (11th Cir. 2003) ("[g]enerally, a contract does not bind one who is not a party to the contract, or who has not in some manner agreed to accept its terms") (citations omitted).

The Mana Agreement was attached to the Complaint.  See Compl. Attachment One.  Therefore, the Court may review the terms of the Mana Agreement without risk of converting

IBD's Motion to Dismiss into a motion for summary judgment.  See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Fed.R.Civ.P. 12(b).  From a review of the Mana Agreement it appears that Mana and IBC were the only Parties to that agreement.  See Compl. Attachment One.  Thus, it would appear that there is a lack of privity of contract between Mana and IBD.  Mana, however, contends that IBD can be held liable for IBC's obligations because: (1) IBD expressly or impliedly made public representations of intent to assume the contractual obligations of IBC; and (2) IBD is the mere continuation of its predecessor IBC.

      Under Florida law, the liabilities of a predecessor corporation are not imposed upon the successor company unless: (1) the successor expressly or impliedly assumes the obligations of the predecessor; (2) the transaction is a de facto merger; (3) the successor corporation is a mere continuation of the predecessor; or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor.  Graef v. Hegedus, 698 So. 2d 655, 655-56 (Fla. Dist. Ct. App. 1997) (citing Bernard v. Kee Mfg. Co., Inc., 409 So.2d 1047, 1049 (Fla. 1982)).  See Amjad Munim, M.D.., P.A. v. Azar, 648 So.2d 145, 154 (Fla. Dist. Ct. App. 1994) ("The imposition of liability upon the successor corporation is grounded upon the notion that no corporation should be permitted to commit a tort or breach a contract and avoid liability through corporate transformations in form only") (citations omitted).  Thus, Mana may succeed on its claims against IBD if it can show that IBD (as the successor of IBC) expressly or impliedly assumed IBC's obligations or functioned as a mere continuation of IBC.

      After reviewing the Complaint, the Court finds that Mana has sufficiently alleged successor liability against IBD.  Paragraph Eight of Mana's Complaint states "Plaintiff is informed and believes that IBD subsequently took control of [IBC] and has taken responsibility

for ensuring that [IBC's] debts are paid, including the offering of settlements to its customers." Compl. at ¶ 8.  Thus, Mana has alleged that IBD expressly or impliedly assumed the obligations of its alleged predecessor IBC.  In its reply, IBD argues that the Court should not accept Mana's "unsupported allegation" that IBD is the successor corporation to IBC.[2]  Reply at 3.  Further, IBD contends that Mana has failed to set forth the facts necessary to support its conclusion regarding successor liability.  Id.  IBD, however, is urging the Court to adopt a higher pleading standard than that set forth under Rule 8(a) of the Federal Rules of Civil Procedure.  As previously discussed, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 47 (citing Fed.R.Civ.P. 8(a)(2)).  Therefore, the Court finds that Mana has sufficiently alleged successor liability against IBD.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Interactive Brand Development, Inc.'s Motion to Dismiss (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of May, 2007.

_____
MARCIA G. COOKE
United States District Judge

---

[2] In its reply brief, IBD also contends that IBC is a subsidiary corporation of IBD.  Reply at N.1.  The Court shall not address this argument as it would require an examination of the facts which is outside the scope of the Court's analysis on a motion to dismiss.  See Solis-Ramirez, 758 F.2d at 1429.

*Copies furnished to:*

*All Counsel of Record*